**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| TUMBLEWEED TINY HOUSE | ) | Case No. 20-11564 KHT |
| COMPANY, INC., | ) | |
| | ) | Chapter 11 |
| Debtor. | ) | |
| | ) | |

---

## TUMBLEWEED TINY HOUSE COMPANY, INC.'S FIFTH AMENDED PLAN OF REORGANIZATION

---

TUMBLEWEED TINY HOUSE COMPANY, INC., debtor-in-possession, by and through undersigned counsel, proposes Tumbleweed Tiny House Company, Inc.'s Fifth Amended Plan of Reorganization (the "Plan") pursuant to Section 1121(a) of the Bankruptcy Code.

## ARTICLE I
## DEFINITIONS

Unless otherwise provided in this Plan, all terms used herein that are defined or used in the Bankruptcy Code are intended to be used in this Plan as defined or used in the Bankruptcy Code. The following capitalized terms shall have the respective meanings set forth below, and such meanings shall be equally applicable to the singular and plural forms of the terms.

"Administrative Claim" shall mean (i) a Claim for a cost or expense of administration of the Chapter 11 Case as contemplated in Section 503(b) of the Bankruptcy Code and entitled to priority pursuant to Section 507(a)(2) of the Bankruptcy Code; and (ii) all fees due under 28 U.S.C. § 1930. Any Administrative Claims must be submitted to the Bankruptcy Court within sixty (60) days after the Effective Date or they will be disallowed.

"Allowed" when used with respect to a Claim other than an Administrative Claim, shall mean a Claim (i) to the extent it is not a Contested Claim; or (ii) a Contested Claim, proof of which was filed with the Bankruptcy Court on or before any applicable Bar Date, and (x) as to which no objection has been filed by the Objection Date, unless such Claim is to be determined in a forum other than the Bankruptcy Court, in which case such Claim shall not become Allowed until determined by Final Order of such other forum and allowed by Final Order of the Bankruptcy Court; or (y) as to which an objection was filed by the Objection Date, to the extent allowed by a Final Order. "Allowed" when used with respect to a Claim that is an Administrative Claim, shall mean an Administrative Claim that has been allowed pursuant to Article III of the Plan.

"Bankruptcy Code" shall mean Title 11 of the United States Code.

"Bankruptcy Court" shall mean the Bankruptcy Court unit of the United States District Court for the District of Colorado.

"Bar Date" shall mean April 16, 2020, the last date set by the Bankruptcy Court for filing Claims that are not Administrative Claims.

"Chapter 11 Case" shall mean the case commenced under Chapter 11 of the Bankruptcy Code for the Debtor.

"Claim" shall mean a claim, as defined in Section 101(5) of the Bankruptcy Code, against the Debtor.

"Confirmation" shall mean the entry by the Bankruptcy Court of an order confirming the Plan in accordance with Chapter 11 of the Bankruptcy Code; "Confirmation Order" shall mean such order; and "Confirmation Date" shall mean the date on which such order is entered.

"Contested" when used with respect to a Claim as to which a proof of claim has been timely filed with the Bankruptcy Court, shall mean a Claim that has not been Allowed: (i) that is listed in any of Debtor's schedules of liabilities as disputed, unliquidated, or contingent; (ii) to the extent the proof of claim exceeds the scheduled amount;  (iii) that is not listed in any such schedules or is listed with an unknown value; or, (iv) as to which an objection has been filed and as to which no Final Order allowing such Claim has been entered.

"Debtor" shall mean Tumbleweed Tiny House Company, Inc.

"Disclosure Statement" shall mean the disclosure document describing the Plan as required to be filed by the Debtor, approved by the Court, and distributed to the various classes of Claims under the Plan as provided in Section 1125 of the Bankruptcy Code.

"Distribution Date" when used with respect to an Allowed Administrative or Priority Claim, shall mean as soon as practicable after the later of (i) the Effective Date, or (ii) if the Administrative or Priority Claim is Allowed after the Effective Date, the fifth day of the next calendar month after the date upon which such Claim is Allowed.

"Effective Date" shall mean the first business day after the passage of thirty (30) days from the date the Confirmation Order becomes a Final Order.

"Equity Interest" shall mean the shares or stock interests in the Debtor.

"Fee Claim" shall mean a Claim under Section 330 or 503 of the Bankruptcy Code for allowance of compensation and reimbursement of expenses in the Chapter 11 Case.

"Final Order" shall mean an order or judgment of the Bankruptcy Court or other court of competent jurisdiction which has not been reversed, stayed, modified, or amended and as to which (i) the time to appeal or seek review, rehearing, or certiorari has expired (without regard to whether the time to seek relief of a judgment under Rule 60(b) of the Federal Rules of Civil Procedure has

expired); and (ii) no appeal or petition for review, rehearing, or certiorari is pending, or if pending as to which no bond or other stay has been issued, or as to which any right to appeal or seek review, rehearing, or certiorari has been waived.

"FR" or "FreedomRoads" shall refer to FreedomRoads Holding Company, LLC.

"Impaired" A class of claims or interests is "impaired" in accordance with 11 U.S.C. § 1124 if the Plan alters the legal, equitable and/or contractual rights of the holders of such claims or interests.

"Insider" shall mean any Person defined in Section 101(31)(B) of the Bankruptcy Code.

"Late Filed Claims" shall mean any claim filed in the Chapter 11 Case after the Bar Date.

"Litigation" shall mean any civil action pending on the Confirmation Date or commenced thereafter by the Reorganized Debtor, including any preference or avoidance actions under the Bankruptcy Code, any state and federal court proceedings, and any matters submitted to binding arbitration.

"Litigation Proceeds" shall mean any recovery of money by the Debtor or Reorganized Debtor in connection with any Litigation after subtraction of any reasonable costs, expenses, taxes provided for, or reimbursements paid, due and owing, or to be paid by the Debtor or its members in connection with any Litigation or the resolution thereof.

"Net Profits" shall mean the Reorganized Debtor's revenues received from gross revenues, reduced by any taxes due and owing by the Debtor and/or its Equity Interest Holders in connection with the Debtor's business, cost of goods sold, operating and administrative expenses, expenses for capital equipment or leasehold improvements, and all Plan payments (other than, for the avoidance of doubt, payments to or comprising the Net Profits Fund). Funds subject to the trust provisions of C.R.S. § 38-22-127 or C.R.S. § 38-26-109 shall not be included in the calculation of Net Profits.

"Net Profits Fund" shall mean that fund established by the Debtor funded by (a) 80% percent of its Net Profits plus (b) 100% of net proceeds (after payment of legal fees and expenses) from any Litigation, calculated annually for the prior 12 months (or any portion thereof), for each year of the Plan.

"Objection Date" shall mean, with respect to a Claim other than a Claim that is an Administrative Claim, the first business day following the passage of sixty (60) days from the Effective Date.

"Person" shall mean an individual, corporation, partnership, joint venture, trust, estate, unincorporated association, unincorporated organization, cooperative, limited liability company, governmental entity or political subdivision thereof, or any other legally recognized entity.

"Plan" shall mean this Plan of Reorganization for the Debtor, as amended from time to time.

"Plan Proponent" shall mean the Debtor.

"Post-petition" shall mean anytime on or subsequent to March 4, 2020 and prior to the Confirmation Date.

"Pre-petition" shall mean any time prior to March 4, 2020.

"Priority Claim" shall mean a Claim entitled to priority in payment pursuant to Section 507(a)(4) or 507(a)(5) of the Bankruptcy Code.

"Pro Rata" shall mean with respect to any Person entitled to distribution, the percentage which such Person's Allowed Claim bears to the sum of all Allowed Claims in the same class.

"Reorganized Debtor" shall mean the reorganized Debtor under the confirmed Plan.

"Secured Claim" shall mean any Claim secured by a valid and enforceable lien against the property of the Debtor, but only to the extent of the value of the collateral securing such Claim.

"Tax Claim" shall mean any Claim of a governmental unit for taxes entitled to priority under Section 507(a)(8) of the Bankruptcy Code.

"Unsecured Claim" shall mean a Claim that is not secured by a valid and enforceable lien against the property of the Debtor, other than Administrative Claims, Priority Claims, and Equity Interests.

"Unimpaired" A class of claims or interests is "unimpaired" in accordance with 11 U.S.C. § 1124 if the legal, equitable and/or contractual rights of the holders of such claims or interests are not altered under the Plan.

## ARTICLE II
## CLASSIFICATION OF CLAIMS AND EQUITY INTERESTS

The following is a designation of all classes of Claims and Equity Interests other than those Claims of a kind specified in Sections 507(a)(2), 507(a)(3), or 507(a)(8) of the Bankruptcy Code.

| Class 1 | Allowed Secured Claim of Janine Sagert |
|---|---|
| Class 2 | Allowed Secured Claim of Redi Gunn 1, LLC |
| Class 3 | Allowed Secured Claim of PIRS Capital, LLC |
| Class 4 | Allowed Unsecured Claim of Forward Financing, LLC |
| Class 5 | Allowed Secured Claims of Ford Motor Credit Company, Inc. |
| Class 6 | Allowed Claims of Parties to Pre-Petition Contracts – Completed Houses |

| Class 7 | Allowed Priority and Unsecured Claims of Parties to Pre-Petition Contracts – Incomplete Houses |
| --- | --- |
| Class 8 | Allowed Priority and Unsecured Claims of Parties to Pre-Petition Contracts that are Rejected |
| Class 9 | Pre-petition Executory Contracts and Unexpired Leases |
| Class 10 | General Unsecured Creditors |
| Class 11 | Contested Unsecured Claim of FreedomRoads Holding Company, LLC |
| Class 12 | Subordinated Claims of Steve Weissmann and Silver State |
| Class 13 | Equity Interests |
| Class 14 | Late Filed Claims |

## ARTICLE III
## TREATMENT OF UNCLASSIFIED PRIORITY CLAIMS

As provided in Section 1123(a)(1) of the Bankruptcy Code, the Claims against the Debtor covered in this Article III are not classified. The holders of such Claims are not entitled to vote on the Plan.

3.1 *Allowed Administrative Claims.*

The holders of Allowed Administrative Claims of the type specified in Section 507(a)(2) of the Bankruptcy Code shall receive cash equal to the allowed amount of such Claim or a lesser amount or different treatment as may be acceptable and agreed to by particular holders of such Claims. Such Claims shall be paid in full on the Effective Date or treated as otherwise agreed to by the holders of such Claims. The payment of professionals is subject to Court approval.

3.2 *Allowed Tax Claims.*

The Arizona Department of Revenue ("AZDOR") has asserted a Section 507(a)(8) Claim. Pursuant to Section 1129(a)(9)(C) of the Bankruptcy Code, with respect to its 507(a)(8) Claim, AZDOR will receive regular installment payment in cash of a total value, as of the Effective Date of the Plan, equal to the Allowed amount of such Claim over a period ending not later than 5 years after the Petition Date in the following manner: The Reorganized Debtor will pay the amount of the Allowed 507(a)(8) Claim of AZDOR with 3% interest per annum with 48 monthly payments of principle and interest beginning on the 15th of the first full month after the Effective Date.

The Colorado Department of Revenue ("CODOR") has asserted a first and prior Secured Claim in the amount of $8,163.96 against "all assets and/or all property owned and/or used by the Debtor in the conduct of business" pursuant to C.R.S. § 39-26-117(1)(a). To the extent CODOR's Claim is not secured, CODOR asserts that the Claim is a Priority Claim pursuant to 11 U.S.C. §

507(a)(8)(C).  During the pendency of this Bankruptcy Case, the Debtor obtained Bankruptcy Court authority to sell certain vehicles and to satisfy a portion of the Secured Claim of CODOR out of the proceeds of sale.  See docket nos. 82 and 135.  The Debtor has satisfied a portion of the Secured Claim of CODOR out of the proceeds from the sale of the vehicles prior to the Effective Date.  Pursuant to Section 1129(a)(9)(C) of the Bankruptcy Code, with respect to its 507(a)(8) Claim, CODOR will receive regular monthly installment payments in cash of a total value, as of the Effective Date of the Plan, equal to the Allowed amount of such Claim over a period ending not later than 5 years after the Petition Date in the following manner: The Reorganized Debtor will pay the amount of the Allowed 507(a)(8) Claim of CODOR with 6% interest per annum with 24 consecutive equal monthly payments of principle and interest beginning on the 15th of the first full month after the Effective Date.  Any Pre-Petition liens held by CODOR against the Debtor's assets will be preserved with respect to the Reorganized Debtor's assets.

Prior to the Petition Date, the Occupational Safety and Health Administration ("OSHA") levied fines against the Debtor for alleged violations of the Occupational Safety and Health Act.  The amount owed to OSHA was $6,984.00 on the Petition Date.  Under this Plan, the Debtor will continue paying the OSHA penalties according to the payment plan negotiated pre-petition and the OSHA penalties will not be discharged.

The Debtor, at its discretion, may satisfy or pay off any of the Allowed Tax Claims listed above any time after the Effective Date.

3.3    *Fees Due Under 28 U.S.C. § 1930(a)(6).*

The Reorganized Debtor shall make all payments required to be made to the U.S. Trustee program pursuant to 28 U.S.C. § 1930(a)(6) until the Chapter 11 Case is closed, converted, or dismissed.  All payments due to the U.S. Trustee program pursuant to 28 U.S.C. § 1930(a)(6) shall be paid on the Effective Date, and the U.S. Trustee shall thereafter be paid fees due on a quarterly basis until the Chapter 11 Case is closed, converted, or dismissed.  The Debtor will also timely file all required post-confirmation reports.

## ARTICLE IV
## IDENTIFICATION OF UNIMPAIRED AND IMPAIRED CLASSES

Classes 1 through 12 are Impaired under the Plan.

## ARTICLE V
## TREATMENT OF CLAIMS AND EQUITY INTERESTS

Class 1.  (*Allowed Impaired Secured Claim of Janine Sagert, Claim No. 22-1)*.  The Debtor entered into a Loan Agreement with Janine Sagert on January 1, 2015.  Under the Loan Agreement, the Debtor grants Janine Sagert a security interest in seventy-five percent (75%) of the Debtor's assets up the first two hundred thousand ($200,000.00) of assets.  To perfect her security interest, Janine Sagert recorded a UCC Financing Statement with the Colorado Secretary of State on February 7, 2019 which lists the collateral as "cash, accounts receivable, trademarks, copyrights, intellectual property, inventory, materials, office supplies, computers, excluding houses."  The Debtor believes that Ms. Sagert's Claim is fully secured.  Under the Loan Agreement, the Debtor borrowed $150,000 at 8% interest per annum.  During the pendency of the Bankruptcy Case, the Debtor and Janine Sagert have entered into cash collateral agreements under which the Debtor has been making monthly interest only payments of $1,000.  As of the Petition Date, the amount due under the Loan Agreement was $150,000.00.

Under this Plan, the Debtor will satisfy its secured debt obligation to Janine Sagert in the following manner: The Reorganized Debtor will pay Janine Sagert $150,000.00 with 8% interest over 7 years with payments beginning the first full month following the Effective Date.  Each monthly payment will be due before the last day of each month.  During year 1, the payments will be interest only. The Reorganized Debtor, at its discretion, may satisfy or pay off the Class 1 Claim any time after the Effective Date.  The following will be the payment schedule:

| Month | Principal | Interest | Total Monthly Payment | Amount Remaining |
|---|---|---|---|---|
| 1 | $0.00 | $1,000.00 | $1,000.00 | $150,000.00 |
| 2 | $0.00 | $1,000.00 | $1,000.00 | $150,000.00 |
| 3 | $0.00 | $1,000.00 | $1,000.00 | $150,000.00 |
| 4 | $0.00 | $1,000.00 | $1,000.00 | $150,000.00 |
| 5 | $0.00 | $1,000.00 | $1,000.00 | $150,000.00 |
| 6 | $0.00 | $1,000.00 | $1,000.00 | $150,000.00 |
| 7 | $0.00 | $1,000.00 | $1,000.00 | $150,000.00 |
| 8 | $0.00 | $1,000.00 | $1,000.00 | $150,000.00 |
| 9 | $0.00 | $1,000.00 | $1,000.00 | $150,000.00 |
| 10 | $0.00 | $1,000.00 | $1,000.00 | $150,000.00 |
| 11 | $0.00 | $1,000.00 | $1,000.00 | $150,000.00 |
| 12 | $0.00 | $1,000.00 | $1,000.00 | $150,000.00 |
| 13 | $1,629.99 | $1,000.00 | $2,629.99 | $148,370.01 |

| 14 | $1,640.86 | $989.13 | $2,629.99 | $146,729.15 |
| 15 | $1,651.80 | $978.19 | $2,629.99 | $145,077.35 |
| 16 | $1,662.81 | $967.18 | $2,629.99 | $143,414.54 |
| 17 | $1,673.89 | $956.10 | $2,629.99 | $141,740.65 |
| 18 | $1,685.05 | $944.94 | $2,629.99 | $140,055.60 |
| 19 | $1,696.29 | $933.70 | $2,629.99 | $138,359.31 |
| 20 | $1,707.59 | $922.40 | $2,629.99 | $136,651.72 |
| 21 | $1,718.98 | $911.01 | $2,629.99 | $134,932.74 |
| 22 | $1,730.44 | $899.55 | $2,629.99 | $133,202.30 |
| 23 | $1,741.97 | $888.02 | $2,629.99 | $131,460.33 |
| 24 | $1,753.59 | $876.40 | $2,629.99 | $129,706.74 |
| 25 | $1,765.28 | $864.71 | $2,629.99 | $127,941.46 |
| 26 | $1,777.05 | $852.94 | $2,629.99 | $126,164.41 |
| 27 | $1,788.89 | $841.10 | $2,629.99 | $124,375.52 |
| 28 | $1,800.82 | $829.17 | $2,629.99 | $122,574.70 |
| 29 | $1,812.83 | $817.16 | $2,629.99 | $120,761.87 |
| 30 | $1,824.91 | $805.08 | $2,629.99 | $118,936.96 |
| 31 | $1,837.08 | $792.91 | $2,629.99 | $117,099.88 |
| 32 | $1,849.32 | $780.67 | $2,629.99 | $115,250.56 |
| 33 | $1,861.65 | $768.34 | $2,629.99 | $113,388.91 |
| 34 | $1,874.06 | $755.93 | $2,629.99 | $111,514.85 |
| 35 | $1,886.56 | $743.43 | $2,629.99 | $109,628.29 |
| 36 | $1,899.13 | $730.86 | $2,629.99 | $107,729.16 |
| 37 | $1,911.80 | $718.19 | $2,629.99 | $105,817.36 |
| 38 | $1,924.54 | $705.45 | $2,629.99 | $103,892.82 |
| 39 | $1,937.37 | $692.62 | $2,629.99 | $101,955.45 |
| 40 | $1,950.29 | $679.70 | $2,629.99 | $100,005.16 |
| 41 | $1,963.29 | $666.70 | $2,629.99 | $98,041.87 |
| 42 | $1,976.38 | $653.61 | $2,629.99 | $96,065.49 |
| 43 | $1,989.55 | $640.44 | $2,629.99 | $94,075.94 |
| 44 | $2,002.82 | $627.17 | $2,629.99 | $92,073.12 |
| 45 | $2,016.17 | $613.82 | $2,629.99 | $90,056.95 |
| 46 | $2,029.61 | $600.38 | $2,629.99 | $88,027.34 |
| 47 | $2,043.14 | $586.85 | $2,629.99 | $85,984.20 |
| 48 | $2,056.76 | $573.23 | $2,629.99 | $83,927.44 |
| 49 | $2,070.47 | $559.52 | $2,629.99 | $81,856.97 |
| 50 | $2,084.28 | $545.71 | $2,629.99 | $79,772.69 |
| 51 | $2,098.17 | $531.82 | $2,629.99 | $77,674.52 |

| | | | | |
|---|---|---|---|---|
| 52 | $2,112.16 | $517.83 | $2,629.99 | $75,562.36 |
| 53 | $2,126.24 | $503.75 | $2,629.99 | $73,436.12 |
| 54 | $2,140.42 | $489.57 | $2,629.99 | $71,295.70 |
| 55 | $2,154.69 | $475.30 | $2,629.99 | $69,141.01 |
| 56 | $2,169.05 | $460.94 | $2,629.99 | $66,971.96 |
| 57 | $2,183.51 | $446.48 | $2,629.99 | $64,788.45 |
| 58 | $2,198.07 | $431.92 | $2,629.99 | $62,590.38 |
| 59 | $2,212.72 | $417.27 | $2,629.99 | $60,377.66 |
| 60 | $2,227.47 | $402.52 | $2,629.99 | $58,150.19 |
| 61 | $2,242.32 | $387.67 | $2,629.99 | $55,907.87 |
| 62 | $2,257.27 | $372.72 | $2,629.99 | $53,650.60 |
| 63 | $2,272.32 | $357.67 | $2,629.99 | $51,378.28 |
| 64 | $2,287.47 | $342.52 | $2,629.99 | $49,090.81 |
| 65 | $2,302.72 | $327.27 | $2,629.99 | $46,788.09 |
| 66 | $2,318.07 | $311.92 | $2,629.99 | $44,470.02 |
| 67 | $2,333.52 | $296.47 | $2,629.99 | $42,136.50 |
| 68 | $2,349.08 | $280.91 | $2,629.99 | $39,787.42 |
| 69 | $2,364.74 | $265.25 | $2,629.99 | $37,422.68 |
| 70 | $2,380.51 | $249.48 | $2,629.99 | $35,042.17 |
| 71 | $2,396.38 | $233.61 | $2,629.99 | $32,645.79 |
| 72 | $2,412.35 | $217.64 | $2,629.99 | $30,233.44 |
| 73 | $2,428.43 | $201.56 | $2,629.99 | $27,805.01 |
| 74 | $2,444.62 | $185.37 | $2,629.99 | $25,360.39 |
| 75 | $2,460.92 | $169.07 | $2,629.99 | $22,899.47 |
| 76 | $2,477.33 | $152.66 | $2,629.99 | $20,422.14 |
| 77 | $2,493.84 | $136.15 | $2,629.99 | $17,928.30 |
| 78 | $2,510.47 | $119.52 | $2,629.99 | $15,417.83 |
| 79 | $2,527.20 | $102.79 | $2,629.99 | $12,890.63 |
| 80 | $2,544.05 | $85.94 | $2,629.99 | $10,346.58 |
| 81 | $2,561.01 | $68.98 | $2,629.99 | $7,785.57 |
| 82 | $2,578.09 | $51.90 | $2,629.99 | $5,207.48 |
| 83 | $2,595.27 | $34.72 | $2,629.99 | $2,612.21 |
| 84 | $2,612.21 | $17.41 | $2,629.62 | $0.00 |
| **Totals** | **$150,000.00** | **$51,358.91** | **$201,358.91** | |

Class 2. (*Allowed Impaired Secured Claim of Redi Gunn 1, LLC*). The Debtor entered into a Loan Agreement with Redi Gunn 1, LLC on January 14, 2020. Under the Loan Agreement, the Debtor grants the lender a security interest in all assets of the Debtor. To perfect its security interest, the lender recorded a UCC Financing Statement with the Colorado Secretary of State on January 14, 2020. The Debtor believes that Redi Gunn 1, LLC's Claim is fully secured. Under the Loan Agreement, the Debtor borrowed $100,000 at 8.5% interest per annum. During the pendency of the Bankruptcy Case, the Debtor and Redi Gunn 1, LLC have entered into cash collateral agreements under which the Debtor has been making monthly interest only payments of $708.33. As of the Petition Date, the amount due under the Loan Agreement was $100,000.00.

Under this Plan, the Debtor will satisfy its secured debt obligation to Redi Gunn 1, LLC in the following manner: The Reorganized Debtor will pay Redi Gunn 1, LLC $100,000.00 with 8% interest over 7 years with payments beginning the first full month following the Effective Date. Each monthly payment will be due before the last day of each month. During year 1, the payments will be interest only. The Reorganized Debtor, at its discretion, may satisfy or pay off the Class 2 Claim any time after the Effective Date. The following will be the payment schedule:

| Month | Principal | Interest | Total Monthly Payment | Amount Remaining |
|---|---|---|---|---|
| 1 | $0.00 | $666.67 | $666.67 | $100,000.00 |
| 2 | $0.00 | $666.67 | $666.67 | $100,000.00 |
| 3 | $0.00 | $666.67 | $666.67 | $100,000.00 |
| 4 | $0.00 | $666.67 | $666.67 | $100,000.00 |
| 5 | $0.00 | $666.67 | $666.67 | $100,000.00 |
| 6 | $0.00 | $666.67 | $666.67 | $100,000.00 |
| 7 | $0.00 | $666.67 | $666.67 | $100,000.00 |
| 8 | $0.00 | $666.67 | $666.67 | $100,000.00 |
| 9 | $0.00 | $666.67 | $666.67 | $100,000.00 |
| 10 | $0.00 | $666.67 | $666.67 | $100,000.00 |
| 11 | $0.00 | $666.67 | $666.67 | $100,000.00 |
| 12 | $0.00 | $666.67 | $666.67 | $100,000.00 |
| 13 | $1,086.65 | $666.67 | $1,753.32 | $98,913.35 |
| 14 | $1,093.90 | $659.42 | $1,753.32 | $97,819.45 |
| 15 | $1,101.19 | $652.13 | $1,753.32 | $96,718.26 |
| 16 | $1,108.53 | $644.79 | $1,753.32 | $95,609.73 |
| 17 | $1,115.92 | $637.40 | $1,753.32 | $94,493.81 |
| 18 | $1,123.36 | $629.96 | $1,753.32 | $93,370.45 |
| 19 | $1,130.85 | $622.47 | $1,753.32 | $92,239.60 |
| 20 | $1,138.39 | $614.93 | $1,753.32 | $91,101.21 |
| 21 | $1,145.98 | $607.34 | $1,753.32 | $89,955.23 |
| 22 | $1,153.62 | $599.70 | $1,753.32 | $88,801.61 |
| 23 | $1,161.31 | $592.01 | $1,753.32 | $87,640.30 |

| | | | | |
|---|---|---|---|---|
| 24 | $1,169.05 | $584.27 | $1,753.32 | $86,471.25 |
| 25 | $1,176.84 | $576.48 | $1,753.32 | $85,294.41 |
| 26 | $1,184.69 | $568.63 | $1,753.32 | $84,109.72 |
| 27 | $1,192.59 | $560.73 | $1,753.32 | $82,917.13 |
| 28 | $1,200.54 | $552.78 | $1,753.32 | $81,716.59 |
| 29 | $1,208.54 | $544.78 | $1,753.32 | $80,508.05 |
| 30 | $1,216.60 | $536.72 | $1,753.32 | $79,291.45 |
| 31 | $1,224.71 | $528.61 | $1,753.32 | $78,066.74 |
| 32 | $1,232.88 | $520.44 | $1,753.32 | $76,833.86 |
| 33 | $1,241.09 | $512.23 | $1,753.32 | $75,592.77 |
| 34 | $1,249.37 | $503.95 | $1,753.32 | $74,343.40 |
| 35 | $1,257.70 | $495.62 | $1,753.32 | $73,085.70 |
| 36 | $1,266.08 | $487.24 | $1,753.32 | $71,819.62 |
| 37 | $1,274.52 | $478.80 | $1,753.32 | $70,545.10 |
| 38 | $1,283.02 | $470.30 | $1,753.32 | $69,262.08 |
| 39 | $1,291.57 | $461.75 | $1,753.32 | $67,970.51 |
| 40 | $1,300.18 | $453.14 | $1,753.32 | $66,670.33 |
| 41 | $1,308.85 | $444.47 | $1,753.32 | $65,361.48 |
| 42 | $1,317.58 | $435.74 | $1,753.32 | $64,043.90 |
| 43 | $1,326.36 | $426.96 | $1,753.32 | $62,717.54 |
| 44 | $1,335.20 | $418.12 | $1,753.32 | $61,382.34 |
| 45 | $1,344.10 | $409.22 | $1,753.32 | $60,038.24 |
| 46 | $1,353.07 | $400.25 | $1,753.32 | $58,685.17 |
| 47 | $1,362.09 | $391.23 | $1,753.32 | $57,323.08 |
| 48 | $1,371.17 | $382.15 | $1,753.32 | $55,951.91 |
| 49 | $1,380.31 | $373.01 | $1,753.32 | $54,571.60 |
| 50 | $1,389.51 | $363.81 | $1,753.32 | $53,182.09 |
| 51 | $1,398.77 | $354.55 | $1,753.32 | $51,783.32 |
| 52 | $1,408.10 | $345.22 | $1,753.32 | $50,375.22 |
| 53 | $1,417.49 | $335.83 | $1,753.32 | $48,957.73 |
| 54 | $1,426.94 | $326.38 | $1,753.32 | $47,530.79 |
| 55 | $1,436.45 | $316.87 | $1,753.32 | $46,094.34 |
| 56 | $1,446.02 | $307.30 | $1,753.32 | $44,648.32 |
| 57 | $1,455.66 | $297.66 | $1,753.32 | $43,192.66 |
| 58 | $1,465.37 | $287.95 | $1,753.32 | $41,727.29 |
| 59 | $1,475.14 | $278.18 | $1,753.32 | $40,252.15 |
| 60 | $1,484.97 | $268.35 | $1,753.32 | $38,767.18 |
| 61 | $1,494.87 | $258.45 | $1,753.32 | $37,272.31 |

| | | | | |
|---|---|---|---|---|
| 62 | $1,504.84 | $248.48 | $1,753.32 | $35,767.47 |
| 63 | $1,514.87 | $238.45 | $1,753.32 | $34,252.60 |
| 64 | $1,524.97 | $228.35 | $1,753.32 | $32,727.63 |
| 65 | $1,535.14 | $218.18 | $1,753.32 | $31,192.49 |
| 66 | $1,545.37 | $207.95 | $1,753.32 | $29,647.12 |
| 67 | $1,555.67 | $197.65 | $1,753.32 | $28,091.45 |
| 68 | $1,566.04 | $187.28 | $1,753.32 | $26,525.41 |
| 69 | $1,576.48 | $176.84 | $1,753.32 | $24,948.93 |
| 70 | $1,586.99 | $166.33 | $1,753.32 | $23,361.94 |
| 71 | $1,597.57 | $155.75 | $1,753.32 | $21,764.37 |
| 72 | $1,608.22 | $145.10 | $1,753.32 | $20,156.15 |
| 73 | $1,618.95 | $134.37 | $1,753.32 | $18,537.20 |
| 74 | $1,629.74 | $123.58 | $1,753.32 | $16,907.46 |
| 75 | $1,640.60 | $112.72 | $1,753.32 | $15,266.86 |
| 76 | $1,651.54 | $101.78 | $1,753.32 | $13,615.32 |
| 77 | $1,662.55 | $90.77 | $1,753.32 | $11,952.77 |
| 78 | $1,673.63 | $79.69 | $1,753.32 | $10,279.14 |
| 79 | $1,684.79 | $68.53 | $1,753.32 | $8,594.35 |
| 80 | $1,696.02 | $57.30 | $1,753.32 | $6,898.33 |
| 81 | $1,707.33 | $45.99 | $1,753.32 | $5,191.00 |
| 82 | $1,718.71 | $34.61 | $1,753.32 | $3,472.29 |
| 83 | $1,730.17 | $23.15 | $1,753.32 | $1,742.12 |
| 84 | $1,742.12 | $11.61 | $1,753.73 | $0.00 |
| **Totals** | **$100,000.00** | **$34,239.49** | **$134,239.49** | |

Class 3. (*Allowed Impaired Secured Claim of PIRS Capital, LLC, Claim No. 26-1*). The Debtor entered into a Merchant Agreement with PIRS Capital, LLC ("PIRS") on December 10, 2019. PIRS asserts that under the Merchant Agreement, the Debtor sold 8.2% of its future receivables to PIRS (until PIRS receives a total of $420,000.00). Pursuant to Claim 26 filed by PIRS on April 7, 2020, $323,325.70 remained due and owing under the Merchant Agreement on the Petition Date. In addition to its assertion that it purchased a percentage of the Debtor's future receivables, PIRS also claims to be a secured creditor pursuant to a UCC Financing Statement filed with the Colorado Secretary of State on February 25, 2020.

Pursuant to several cash collateral orders approved by the Bankruptcy Court during the pendency of the Bankruptcy Case payments were made by the Debtor to PIRS and have reduced the principal amount owed. FreedomRoads Holding Company, LLC (an unsecured creditor) filed its motion to derivatively assert claims on behalf of the Debtor's estate against PIRS. FreedomRoads also initiated an adversary proceeding against PIRS seeking to avoid and recover any post-petition payments to PIRS, for a declaration that the Debtor's pre-petition agreement with PIRS is a loan, and that the attempted perfection of the same is avoidable as a preference under 11 U.S.C. § 547. The Debtor has reached a settlement with PIRS and has obtained Bankruptcy Court approval of the same which has resolved the issues raised by FreedomRoads. In full and final satisfaction of the Claim of PIRS, the Debtor will treat PIRS in accordance with the order of the Bankruptcy Court entered on April 29, 2022 at docket no. 520 resolving the dispute described above, including the terms the settlement agreement approved thereby. In summary, the Debtor shall pay PIRS Fifty Thousand Dollars ($50,000.00) at the rate of 3% of Tumbleweed's operating income on a monthly basis. The Reorganized Debtor, at its discretion, may satisfy or pay off the Class 3 Claim at any time after the Effective Date, provided that in no event will the Reorganized Debtor pay PIRS any amounts in excess of $50,000 in aggregate, and any amounts paid to PIRS in excess of 3% of Tumbleweed's monthly operating income will not constitute deductions against the calculation of Net Profits.

Class 4. (*Allowed Impaired Unsecured Claim of Forward Financing, LLC*). The Debtor entered into a Future Receipts Sale Agreement with Forward Financing, LLC ("Forward Financing") on October 3, 2019. Pursuant to the Debtor's bankruptcy schedules, $85,000.00 remained due and owing under the agreement with Forward Financing on the Petition Date. Forward Financing did not file a UCC Financing Statement with the Colorado Secretary of State prior to the Petition Date. Accordingly, under 11 U.S.C. §§ 551 and 544(a)(1) and (2), Forward Financing is an Allowed Unsecured Creditor and its $85,000.00 Claim will be treated under Class 10 of the Plan.

Class 5. (*Allowed Impaired Secured Claim of Ford Motor Credit Company, LLC*). Class 5 is comprised of the Allowed Impaired Secured Claim of Ford Motor Credit Company, LLC as set forth in Claim No. 3-1 filed on March 17, 2020. The approximate amount of the Class 5 Claim on the Petition Date was $8,073.83 and is now estimated to be less. The Claim is secured by a 2014 Ford F-250, VIN 1FT7X2EEB18550 used by the Debtor in its business. The Debtor believes that the Claim is fully secured. Under this Plan, the Debtor will retain the 2014 Ford F-250 and satisfy the Allowed Secured Claim of Ford Motor Credit Company, LLC by curing any default under the Pre-Petition financing agreement on the Effective Date (this amount is estimated to be approximately $7,000.00) and resuming the normal monthly payments due under the financing agreement. The Reorganized Debtor, at its discretion, may satisfy or pay off the Class 5 Claim any time after the Effective Date.

Class 6. (*Allowed Impaired Priority Claims Under 11 U.S.C. § 507(a)(7) – Completed Houses*). Class 6 is comprised of creditors with whom the Debtor had Pre-Petition executory contracts and who would have held Priority Claims under Section 507(a)(7) of the Bankruptcy Code but for the fact that the Debtor satisfied its obligations under the sales contracts at issue Post-Petition and is assuming their contracts under this Plan. Each creditor who is a party to a Pre-Petition executory contract for which the Debtor complied with its obligations or for which a tiny house was built and delivered is listed below and their Claims shall be treated as follows under this Plan in full and final satisfaction of their respective Claims:

| Claimant(s) and/or Claim Number | Total Claim | Treatment |
|---|---|---|
| Allison Swatt | $0.00 | The Debtor's pre-petition contract with Allison Swatt will be assumed. Allison Swatt received delivery of her tiny house, the Debtor fulfilled the sales contract, and Ms. Swatt shall have no Claim under this Plan except for any warranty claims allowed under the assumed contract. |
| Christopher Bolding, Jr. and Trinese Woodard | $0.00 | The Debtor's pre-petition contract with Christopher Bolding, Jr. and Trinese Woodard will be assumed and their project completed. Accordingly, they shall have no Claim under this Plan. |
| Dawn White | $0.00 | The Debtor's pre-petition contract with Dawn White will be assumed. Ms. White received delivery of her tiny house, the Debtor fulfilled the sales contract, and Ms. White shall have no Claim under this Plan except for any warranty claims allowed under the assumed contract. |
| Gina Lee | $0.00 | The Debtor's pre-petition contract with Gina Lee will be assumed. Ms. Lee received delivery of her tiny house, the Debtor fulfilled the sales contract, and Ms. Lee shall have no Claim under this Plan except for any warranty claims allowed under the assumed contract. |
| Joe Armeni or The New Victorians, Inc., Claim No. 28-1 | $0.00 | The Debtor's pre-petition contract with Mr. Armeni or his company will be assumed. Mr. Armeni received delivery of his tiny houses, the Debtor fulfilled the sales contract, and neither Mr. Armeni nor his company shall have a Claim under this Plan except for any warranty claims allowed under the assumed contract(s). |
| Pam Rentschler | $0.00 | The Debtor's pre-petition contract with Pam Rentschler will be assumed. Ms. Rentschler received delivery of her tiny house, the Debtor fulfilled the sales contract, and Ms. Rentschler shall have no Claim under this Plan except for any warranty claims allowed under the assumed contract. |

| Tabitha Luce | $0.00 | The Debtor's pre-petition contract with Tabitha Luce will be assumed.  Ms. Luce received delivery of her tiny house, the Debtor fulfilled the sales contract, and Ms. Luce shall have no Claim under this Plan except for any warranty claims allowed under the assumed contract. |
| Sabrina Bauer | $0.00 | The Debtor's pre-petition contract with Sabrina Bauer will be assumed.  Ms. Bauer received delivery of her tiny house, the Debtor fulfilled the sales contract, and Ms. Bauer shall have no Claim under this Plan except for any warranty claims allowed under the assumed contract. |

<u>Class 7</u>.  (*Allowed Impaired Priority Claims Under 11 U.S.C. § 507(a)(7) – Houses Not Yet Completed*).  Class 7 is comprised of creditors who hold priority claims under Section 507(a)(7) of the Bankruptcy Code and consist of the Claims of "individuals, to the extent of $3,025.00 for each such individual, arising from the deposit, before the commencement of the case, of money in connection with the purchase […] of property." Such individuals are parties to Pre-Petition sales contracts with the Debtor that constitute executory contracts.  Each creditor listed on the Debtor's schedules as a priority claimant under 11 U.S.C. § 507(a)(7), who is a party to an executory contract for which a home has not yet been completed, which the Debtor intends to assume, are listed below and their Claims shall be treated as follows under this Plan in full and final satisfaction of their Respective Claims:

| Claimant(s) and/or Claim Number | Total Claim | Amount of Total Claim that is a Priority Claim | Treatment |
|---|---|---|---|
| Brady Torgrimson | $2,000.00 | $0.00 | The Debtor's pre-petition contract with Brady Torgrimson will be assumed and so long as Mr. Torgrimson completes his purchase and complies with his obligations under the sales agreement within 12 months after the Effective Date (or longer at the Reorganized Debtor's sole discretion), his deposit will be applied toward his purchase.  In the event Mr. Torgrimson has breached or breaches the agreement or does not complete his purchase, the Debtor will be entitled to retain the deposit and Mr. Torgrimson will have no Claim under this Plan. |
| Don Johnson | $1,000.00 | $0.00 | The Debtor's pre-petition contract with Don Johnson will be assumed and so long as Mr. Johnson completes his purchase and complies with his obligations under the sales agreement within 12 months after the Effective Date (or longer at the Reorganized Debtor's sole discretion), his deposit will be applied toward his purchase.  In the event Mr. Johnson has breached or breaches the agreement or does not complete his purchase, the Debtor will be entitled to retain the deposit and Mr. Johnson will have no Claim under this Plan. |

| Elizabeth Caul | $10,000.00 | $0.00 | The Debtor's pre-petition contract with Elizabeth Caul will be assumed and so long as Ms. Caul completes her purchase and complies with her obligations under the sales agreement within 12 months after the Effective Date (or longer at the Reorganized Debtor's sole discretion), any deposit will be applied toward her purchase. In the event Ms. Caul has breached or breaches the agreement or does not complete her purchase, the Debtor will be entitled to retain the deposit and Ms. Caul will have no Claim under this Plan. |
|---|---|---|---|
| Erika Coates | $10,000.00 | $0.00 | The Debtor's pre-petition contract with Erika Coates will be assumed and so long as Ms. Coates completes her purchase and complies with her obligations under the sales agreement within 12 months after the Effective Date (or longer at the Reorganized Debtor's sole discretion), any deposit will be applied toward her purchase. In the event Ms. Coates has breached or breaches the agreement or does not complete her purchase, the Debtor will be entitled to retain the deposit and Ms. Coates will have no Claim under this Plan. |
| Evan Staller, Claim No. 34-1 | $10,000.00 | $0.00 | The Debtor's pre-petition contract with Evan Staller will be assumed and so long as Mr. Staller completes his purchase and complies with his obligations under the sales agreement within 12 months after the Effective Date (or longer at the Reorganized Debtor's sole discretion), any deposit will be applied toward his purchase. In the event Mr. Staller has breached or breaches the agreement or does not complete his purchase, the Debtor will be entitled to retain the deposit and Mr. Staller will have no Claim under this Plan. |
| Jason McCoy | $10,000.00 | $0.00 | The Debtor's pre-petition contract with Jason McCoy will be assumed and so long as Mr. McCoy completes his purchase and complies with his obligations under the sales agreement within 12 months after the Effective Date (or longer at the Reorganized Debtor's sole discretion), any deposit will be applied toward his purchase. In the event Mr. McCoy has breached or breaches the agreement or does not complete his purchase, the Debtor will be entitled to retain the deposit and Mr. McCoy will have no Claim under this Plan. |
| Joseph Fondren | $10,000.00 | $0.00 | The Debtor's pre-petition contract with Joseph Fondren will be assumed and so long as Mr. Fondren completes his purchase and complies with his obligations under the sales agreement within 12 months after the Effective Date (or longer at the Reorganized Debtor's sole discretion), any deposit will be applied toward his purchase. In the event Mr. Fondren has breached or breaches the agreement or does not complete his purchase, the Debtor will be entitled to retain the deposit and Mr. Fondren will have no Claim under this Plan. |

| | | | |
|---|---|---|---|
| Kyle Young, Claim No. 17-1 | $9,500.00 | $0.00 | The Debtor's pre-petition contract with Kyle Young will be assumed and so long as Mr. Young completes his purchase and complies with his obligations under the sales agreement within 12 months after the Effective Date (or longer at the Reorganized Debtor's sole discretion), any deposit will be applied toward his purchase.  In the event Mr. Young has breached or breaches the agreement or does not complete his purchase, the Debtor will be entitled to retain the deposit and Mr. Young will have no Claim under this Plan. |
| Matthew Camp | $12,107.00 | $0.00 | The Debtor's pre-petition contract with Matthew Camp will be assumed and so long as Mr. Camp completes his purchase and complies with his obligations under the sales agreement within 12 months after the Effective Date (or longer at the Reorganized Debtor's sole discretion), any deposit will be applied toward his purchase.  In the event Mr. Camp has breached or breaches the agreement or does not complete his purchase, the Debtor will be entitled to retain the deposit and Mr. Camp will have no Claim under this Plan. |
| Maya Neal | $500.00 | $0.00 | The Debtor's pre-petition contract with Maya Neal will be assumed and so long as Ms. Neal completes her purchase and complies with her obligations under the sales agreement within 12 months after the Effective Date (or longer at the Reorganized Debtor's sole discretion), her deposit will be applied toward her purchase.  In the event Ms. Neal has breached or breaches the agreement or does not complete the purchase, the Debtor will be entitled to retain the deposit and Ms. Neal will have no Claim under this Plan. |
| Nicole Clement | $1,000.00 | $0.00 | The Debtor's pre-petition contract with Nicole Clement will be assumed and so long as Ms. Clement completes her purchase and complies with her obligations under the sales agreement within 12 months after the Effective Date (or longer at the Reorganized Debtor's sole discretion), her deposit will be applied toward her purchase.  In the event Ms. Clement has breached or breaches the agreement or does not complete the purchase, the Debtor will be entitled to retain the deposit and Ms. Clement will have no Claim under this Plan. |
| Tonja Batt | $500.00 | $0.00 | The Debtor's pre-petition contract with Tonja Batt will be assumed and so long as Ms. Batt completes her purchase and complies with her obligations under the sales agreement within 12 months after the Effective Date (or longer at the Reorganized Debtor's sole discretion), her deposit will be applied toward her purchase.  In the event Ms. Batt has breached or breaches the agreement or does not complete the purchase, the Debtor will be entitled to retain the deposit and Ms. Batt will have no Claim under this Plan. |

| Jared Kain-Woods 378 Candy Kitchen Rd HC 61 Box 28 Ramah, NM 87321, Claim 40-1 | $10,000.00 | $0.00 | The Debtor's pre-petition contract with Jared Kain-Woods will be assumed and so long as Mr. Kain-Woods completes his purchase and complies with his obligations under the sales agreement within 12 months after the Effective Date (or longer at the Reorganized Debtor's sole discretion), his deposit will be applied toward his purchase. In the event he has breached or breaches the agreement or does not complete the purchase, the Debtor will be entitled to retain the deposit and he will have no Claim under this Plan. |
| John and Natasha Downing, Claim No. 21-1 | $50,000.00 | $3,025.00 | The Debtor's pre-petition contract with John and Natasha Downing will be assumed and John and Natasha Downing will be allowed to apply the $50,000.00 they paid toward the purchase of a new RV or tiny house upon terms mutually agreed upon by the Downings and the Reorganized Debtor within 36 months after the Effective Date (or longer at the Reorganized Debtor's sole discretion). In the event the parties cannot agree upon the terms of sale and a new RV or tiny house within the time allotted, the pre-petition contract will be rejected. In the event the contract is rejected, the Downings will be paid $3,025.00 within 30 days of rejection in full satisfaction of their Section 507(a)(7) Claim and the remaining amount of their Claim will be treated under Class 10 as an Allowed Unsecured Claim. |

Class 8. (*Allowed Impaired Priority Claims Under 11 U.S.C. § 507(a)(7) – Rejected Sales Contracts*). Class 8 is comprised of creditors who hold priority claims under Section 507(a)(7) of the Bankruptcy Code and consist of the Claims of "individuals, to the extent of $3,025.00 for each such individual, arising from the deposit, before the commencement of the case, of money in connection with the purchase […] of property." Such individuals are parties to Pre-Petition sales contracts with the Debtor that constitute prepetition executory contracts. Each creditor listed on the Debtor's schedules as a priority claimant under 11 U.S.C. § 507(a)(7) who is a party to an executory contract for which a home has not yet been completed and which the Debtor intends to reject shall be treated as follows under this Plan in full and final satisfaction of their Respective Claims:

| Claimant(s) and/or Claim Number | Total Claim | Amount of Total Claim that is a Priority Claim | Treatment |
|---|---|---|---|
| Jessica Hamilton | $0.00 | $0.00 | Jessica Hamilton breached her sales agreement, received a refund of her deposit from her credit card company, and shall have no Claim under this Plan. |

| Nicholas Di Donato, Claim No. 47-1 | $10,000.00 | $3,025.00 | Mr. Di Donato's pre-petition contract has been rejected and the Debtor has refunded Mr. Di Donato the $7,000.00 Mr. Di Donato paid after the Petition Date. *See Order Granting Motion to Reject Contract Between Debtor and Nicholas Di Donato* (docket no. 119). If Mr. Di Donato accepts the Plan, he will receive deferred cash payments of a value as of the Effective Date of the Plan, equal to the Allowed amount of his Section 507(a)(7) Priority Claim ($3,025.00) with 3% interest per annum with 48 consecutive monthly payments of principle and interest due before the last day of each month beginning in the first full month after the Effective Date; or (b) if Mr. DiDonato does not accept the Plan, he will receive cash on the Effective Date of the Plan equal to the amount of his Section 507(a)(7) Priority Claim ($3,025.00). The remaining amount of Mr. Di Donato's claim ($6,975.00) will be treated as an Unsecured Claim under Class 10 of this Plan. |
| Pat Noland | $500.00 | $500.00 | Mr. Noland's pre-petition contract will be rejected under this Plan. Mr. Noland will receive cash on the Effective Date of the Plan equal to the amount of his Section 507(a)(7) Priority Claim ($500.00). |

The Reorganized Debtor, at its discretion, may satisfy or pay off any of the Class 8 Claims any time after the Effective Date.

Class 9. (Executory Contracts and Unexpired Leases). Any unexpired leases or executory contracts not otherwise dealt with in the Plan shall be deemed rejected. Under the terms of any lease agreements, in the event that a lease is rejected, the equipment or property will be returned to the lessor, unless Debtor and the lessor otherwise agree.

Any Class 9 claimant asserting a claim for damages arising from rejection of an executory contract or unexpired lease shall file a proof of claim with the Bankruptcy Court by the later of the Effective Date or thirty days after entry of the Order granting the motion to reject or the claim shall be forever barred. The claims held by holders of rejected leases or executory contracts shall be treated as Class 10 Unsecured Claims subject to the limitations of Section 502 of the Bankruptcy Code.

On May 14, 2020, the Debtor filed its *Motion for Authority to Sell Property of the Estate Pursuant to 11 U.S.C. §§ 363(b)(1) and (f)(3)* (docket no. 82). Through the motion to sell, the Debtor sought Bankruptcy Court authority to sell the following vehicles:

| Description | Approximate Payoff Amount | Lender |
|---|---|---|
| 2014 Ford F-250, VIN 1FT7X2B67EEB18550 | $15,700.00 | Ford Motor Credit |
| 2015 Ford F-350, VIN | $8,100.00 | Ford Motor Credit |

| | | |
|---|---|---|
| 1FT8W3DT7FEA57766 | | |
| 2016 Ford F-350, VIN 1FD8W3HT9GEA74253 | $16,200.00 | Ford Motor Credit |
| 2015 Dodge Ram 5500, VIN 3C7WRNFL9FG539383 | $14,200.00 | Ally Bank |

All but the 2014 Ford F-250, VIN 1FT7X2EEB18550 were sold and the secured claims of the respective lenders have been satisfied.  Accordingly, Claim No. 1-1 and Claim No. 2-1 of Ford Motor Credit Company, LLC have been satisfied and Ford Motor Credit Company, LLC shall have no Claim under this Plan except as set forth in Class 5, above.  Additionally, Claim No. 45-1 of Ally Bank has been satisfied and Ally Bank shall have no Claim under this Plan.

On July 2, 2020, the Debtor filed its Unopposed Motion to Assume Unexpired Lease regarding its real estate lease with Carson Investment Properties, LLC (the "Landlord").  The motion was granted and the lease with the Landlord was assumed.  The Debtor has cured any defaults that existed on the Petition Date under its real property lease with the Landlord.

Class 10.  (*Impaired General Unsecured Claims*).  Class 10 is comprised of creditors with or asserting Unsecured Claims against the Debtor, including any allowed penalty Claims held by any taxing authority which are not related to actual pecuniary loss.  Allowed Class 10 Claims (along with Class 11 Claims to the extent Allowed) shall receive their pro rata share of the Net Profits Fund until each Claim is paid in full.  Distributions to Class 10 claimants shall not exceed the amount of the Allowed Unsecured Claim plus interest calculated at two and a half (2.5%) per annum.  On the Effective Date, subject to the reserves required to be withheld under the Plan, the Debtor will make a Pro-Rata distribution to the Allowed Class 10 claimants in the amount of $250,000.00.  Thereafter, subject to the reserves required to be withheld under the Plan, distributions of the amount in the Net Profits Fund to the Allowed Class 10 claimants shall be made annually on the anniversary of the Effective Date and shall begin in 2023.

A list of the Allowed Unsecured Claims is as follows:

| Claimant | Schedule or Claim No. | Amount | Allowed or Disputed | Notes |
|---|---|---|---|---|
| Rampart Supply 1801 N. Union Blvd Colorado Springs, CO 80909 | Claim 4-1 | $9,408.72 | Allowed | |
| Uline, Inc 12575 Uline Drive Pleasant Prairie WI 53158 | Claim 6-1 | $1,008.08 | Allowed | |
| Boise Cascade BMD Attn. Lawrence Carr 1111 W. Jefferson ST. Suite 300 Boise, ID 83702 | Claim 7-1 | $22,403.47 | Allowed | |

| | | | | |
|---|---|---|---|---|
| Sampson Markets, LLC<br>3921 Mallard Ave<br>Evans, CO 80620 | Claim 8-1 | $2,300.00 | Disputed | Not a priority claim under 11 U.S.C. § 507(a)(4)(B) because Sampson Markets, LLC did not sell goods or services for the Debtor and was not owed a commission. |
| Shaw Industries, Inc.<br>PO Box 2128 Drop 26-01<br>Dalton, GA 30722 | Claim 9-1 | $2,704.04 | Allowed | |
| BWISE Manufacturing, LLC<br>Brandi    Klepfer;    Legal Department<br>950 I-30 East<br>Mount Pleasant, TX 75455 | Claim 10-1 | $36,615.00 | Allowed | |
| Detail Services, Inc.<br>dba Office Pride of East Colorado Spring<br>Ted Struttmann<br>5740 N Carefree Cir, Ste 120-154<br>Colorado Springs, CO 80917 | Claim 11-1 | $3,181.83 | Disputed | Not a priority claim under 11 U.S.C. § 507(a)(4) because Detail Services, Inc. is not an employee or independent sales contractor.  In any event, the amount owing should be $0.00 |
| Bodor Vents, LLC<br>Zsanett Ocsanas<br>244 N. Wall Street<br>Loveland, OH 45140 | Claim 12-1 | $4,473.11 | Allowed | |
| Window World of Southern Colorado<br>4460 Forrest Hill Rd<br>Colorado Springs, CO 80907 | Claim 13-1 | $19,614.62 | Disputed | Second page of proof of claim missing.  Amount comes from Debtor's schedules.  Amount of claim should be $0.00. |
| Insulation Distributors, Inc.<br>8303 Audubon Road<br>CHANHASSEN, MN 55317-5531 | Claim 14-1 | $6,159.39 | Allowed | |
| Total Quality Logistics, LLC<br>Attn: Joseph B. Wells, Asst Corp Counsel<br>4289 Ivy Pointe Blvd<br>Cincinnati, OH 45245 | Claim 15-1 | $17,640.00 | Allowed | |
| Home Heating Service, Inc.<br>1565 Tuskegee Pl.<br>Colorado Springs, CO 80915 | Claim 16-1 | $4,847.00 | Allowed | |
| Remco Equipment Co. Inc.<br>Robert Merrion<br>2210 Bott Ave<br>Colorado Springs, CO 80904 | Claim 18-1 | $466.91 | Disputed | Not a priority claim under 11 U.S.C. § 507(a)(7) or (a)(4) because Remco is not an employee or a taxing authority. |
| Blazer Electric Supply Company, Inc. | Claim 19-1 | $11,682.56 | Allowed | |

| | | | | |
|---|---|---|---|---|
| P.O. Box 636<br>Pueblo, CO 81002 | | | | |
| Austin Hardwoods of Denver<br>975 W. Mississippi Ave<br>Denver, CO 80223 | Claim 20-1 | $3,073.40 | Allowed | |
| Charles D. Jones Co.<br>4900 Osage St., #100<br>Denver, CO 80221 | Claim 24-1 | $17,539.49 | Allowed | |
| TRA Certification<br>700 E. Beardsley Ave<br>St. 4A<br>Elkhart, IN 46514 | Claim 25-2 | $625.00 | Disputed | Amount owed is $0.00 |
| McMaster-Carr Supply<br>Company<br>McMaster-Carr Supply Co<br>P O Box 4355<br>Chicago, IL 60680 | Claim 27-1 | $314.23 | Allowed | |
| Capitol Services, Inc.<br>206 E 9th St., Ste 1300<br>Attn: Yvette Cleveland<br>Austin, TX 78702 | Claim 29-1 | $395.00 | Allowed | |
| Spikes Transport LLC<br>3881 Loma Brisa Dr.<br>El Paso, TX 79938 | Claim 30-1 | $5,455.00 | Disputed | Amount owed is $0.00 |
| Nature's Head Inc.<br>121 Hudson Rd<br>Lagrange, GA 30240 | Claim 31-1 | $7,732.56 | Allowed | |
| Mollie Houkom<br>760 W 400S<br>Victor, ID 83455 | Claim 32-1 | $698.00 | Allowed | Warranty Claim |
| Justi Creek LLC<br>Philip J. Terry, Esq. / James V.<br>Sansone, Esq.<br>CARLE, MACKIE, POWER &<br>ROSS LLP<br>100 B Street, Suite 400<br>Santa Rosa, CA 95401 or | Claim 33-1 | $18,000.00 | Allowed | $18,000.00 Warranty<br>Claim (General Unsecured<br>Claim Under Class 4) |
| Evan Staller | Claim 34-1 | $10,000.00 | Disputed | Treated in Class 7 |
| Precision Temp Inc.<br>3428 Hauck Rd., Suite G<br>Cincinnati, OH 45241 | Claim 35-1 | $10,047.51 | Disputed | Amount owed is $7,047.51 |
| Wolfpack Chassis, LLC<br>800 Weston Ave.<br>Kendallville, IN 46755 | Claim 36-1 | $11,918.00 | Allowed | |
| FURRION LLC<br>52567 INDEPENDENCE CT<br>ELKHART, IN 46514 | Claim 37-1 | $4,028.12 | Allowed | |
| Jared Kain-Woods<br>378 Candy Kitchen Rd<br>HC 61 Box 28<br>Ramah, NM 87321 | Claim 40-1 | $10,000.00 | Disputed | Included in Class 7 |

| | | | | |
|---|---|---|---|---|
| 475 High Performance Building Supply<br>334 Douglass St<br>Brooklyn, NY 11217 | Claim 42-1 | $2,780.76 | Allowed | |
| Flatiron Steel Inc.<br>Attn: Tory Brown<br>11500 21st Street<br>Greeley, CO 80634 | Claim 43-1 /<br>Schedule F | $18,513.83 | Allowed | Claim filed late but creditor is listed on Schedule F |
| Premium Panels Inc.<br>6270 Joyce Drive<br>Arvada, CO 80403 | Claim 48-1 | $40,787.40 | Allowed | |
| Snavely Forest Products<br>6777 Downing Street<br>Denver, CO 80229 | Claim 50-1 | $3,617.28 | Allowed | Claim filed late but creditor is listed on Schedule F |
| ADESA Charlotte<br>11600 Fruhauf Dr.<br>Charlotte, NC 28273 | Schedule F | $30.00 | Allowed | |
| Airtech Mechanical<br>PO Box 76713<br>Colorado Springs, CO 80970 | Schedule F | $2,975.00 | Allowed | |
| Alpine Lumber<br>3370 Drennan Industrial Loop<br>Colorado Springs, CO 80916 | Schedule F | $5,302.85 | Allowed | |
| Alside Supply Center, Colorado<br>950 Ford St.<br>Colorado Springs, CO 80915 | Schedule F | $106.83 | Allowed | |
| Anita Hirth<br>202 Smoke Stack Rd.<br>Hartsel, CO 80449 | Schedule F | $8,631.00 | Disputed | Warranty Claim |
| AspectLED<br>4900 Constellation Dr.<br>White Bear Lake, MN 55127 | Schedule F | $317.50 | Allowed | |
| Bailey Anderson<br>40580 Cricket Cir.<br>Elizabeth, CO 80107 | Schedule F | $5,280.00 | Allowed | |
| Blue Linx Corp.<br>PO Box 505271<br>Saint Louis, MO 63150 | Schedule F | $20,030.34 | Allowed | |
| BMC West, LLC<br>PO Box 59898<br>Los Angeles, CA 90074 | Schedule F | $7,620.45 | Allowed | |
| Brynn Burger<br>791 White Top Rd.<br>Bluff City, IN 47618 | Schedule F | $65.00 | Allowed | |
| Capital Lumber Company<br>PO Box 29639<br>Phoenix, AZ 85038 | Schedule F | $17,917.73 | Allowed | |
| Capital Services<br>PO Box 1831<br>Austin, TX 78767 | Schedule F | $395.00 | Allowed | |
| Charles McMurray Co.<br>PO Box 569<br>Fresno, CA 93709 | Schedule F | $750.00 | Allowed | |

| | | | | |
|---|---|---|---|---|
| Cheryl Stone-Stucker<br>9610 W. Deep Creek Blvd.<br>Hastings, FL 32145 | Schedule F | $70.00 | Allowed | |
| Cole Armbrust<br>4276 Rector Corner Rd.<br>Marshall, NC 28753 | Schedule F | $300.00 | Allowed | |
| Colorado Lumber Specialties<br>3636 N. Stone Ave.<br>Colorado Springs, CO 80907 | Schedule F | $12,126.30 | Disputed | Amount owed is $6,126.30 |
| Comcast<br>PO Box 34744<br>Seattle, WA 98124 | Schedule F | $872.88 | Allowed | |
| Computer Cats<br>3531 S. Logan St., Ste. 174<br>Englewood, CO 80113 | Schedule F | $5,506.70 | Disputed | Amount owed is $0.00 |
| Core Logic Credco, LLC<br>PO Box 847070<br>Dallas, TX 75284-7070 | Schedule F | $2,832.90 | Disputed | Amount owed is $0.00 |
| Excalibur Machine and Sheet<br>Metal<br>208 W. Buchanan St.<br>Colorado Springs, CO 80907 | Schedule F | $66,274.91 | Disputed | Amount owed is $0.00 |
| Fastenal<br>PO Box 978<br>Winona, MN 55987 | Schedule F | $235.32 | Allowed | |
| Ferguson Enterprises, Inc.<br>PO Box 802817<br>Chicago, IL 60680 | Schedule F | $5,412.88 | Allowed | |
| First Choice Coffee<br>5023 List Dr.<br>Colorado Springs, CO 80919 | Schedule F | $1,364.88 | Allowed | |
| Formation V, LLC<br>260 Glencoe St.<br>Denver, CO 80220 | Schedule F | $6,000.00 | Allowed | |
| Frank Paxton Lumber<br>PO Box 74007371<br>Chicago, IL 60674-7371 | Schedule F | $1,930.30 | Allowed | |
| Front Range Cabinets<br>925 Ford St.<br>Colorado Springs, CO 80915 | Schedule F | $26,351.32 | Allowed | |
| Glaser Energy Group, Inc.<br>215 Auburn Dr.<br>Colorado Springs, CO 80909 | Schedule F | $533.80 | Allowed | |
| Gretchen Anderson<br>16943 Russian Hill Ln. SE<br>Rainier, WA 98576 | Schedule F | $300.00 | Allowed | |
| Home Depot Credit Card<br>PO Box 9001030<br>Louisville, KY 40290 | Schedule F | $22,117.42 | Allowed | |
| IDI Distributors<br>BIN 88008<br>Milwaukee, WI 53288 | Schedule F | $6,109.16 | Allowed | |
| Insulfoam<br>PO Box 100995<br>Pasadena, CA 91189 | Schedule F | $554.20 | Allowed | |

| | | | | |
|---|---|---|---|---|
| Jennifer Michaud<br>520 S. Third St.<br>Studio 15<br>Carbondale, CO 81623 | Schedule F | $400.00 | Allowed | Warranty Claim |
| Joel Giannola<br>16587 N. Thurdercliff Way<br>Flagstaff, AZ 86001 | Schedule F | $300.00 | Allowed | Warranty Claim |
| Johnson Controls / Tyco<br>PO Box 371967<br>Pittsburgh, PA 15250-7967 | Schedule F | $876.40 | Allowed | |
| Johnson Controls Fire<br>Protection, LP<br>Dept. CH 10320<br>Palatine, IL 60055 | Schedule F | $440.00 | Allowed | |
| Julie Lapidus<br>2370 West Highway 89A<br>Sedona, AZ 86336 | Schedule F | $250.00 | Allowed | Warranty Claim |
| Jupiter Lighting<br>38 Cowlitz St. W #223<br>Castle Rock, WA 98611 | Schedule F | $1,006.46 | Allowed | |
| Kaylah Barrett<br>28814 Ben Howard Rd.<br>Monroe, WA 98272 | Schedule F | $225.00 | Allowed | Warranty Claim |
| Kublize, LLC<br>927 Stewart St., #5<br>Santa Rosa, CA 95404 | Schedule F | $30,300.00 | Allowed | |
| Lane Supply Company<br>2050 West Barberry Place<br>Denver, CO 80204 | Schedule F | $10,693.41 | Allowed | |
| Lincoln Financial Group<br>PO Box 0821<br>Carol Stream, IL 60132-0821 | Schedule F | $759.31 | Allowed | |
| Linkenheimer, LLP<br>187 Concourse Blvd.<br>Santa Rosa, CA 95403 | Schedule F | $7,744.99 | Allowed | |
| Lippert Components<br>88704 Expedite Way<br>Chicago, IL 60695-1700 | Schedule F | $818.33 | Allowed | |
| Lowe's<br>PO Box 530954<br>Atlanta, GA 30353 | Schedule F | $19,650.43 | Allowed | |
| Maggi Jo Sharp<br>2324 Left Lane<br>Arroyo Grande, CA 93420 | Schedule F | $250.00 | Allowed | |
| Matt Mueller<br>148 Old Ferry Rd.<br>Sneads Ferry, NC 28460 | Schedule F | $11,310.00 | Disputed | Warranty Claim |
| McMaster-Carr<br>PO Box 7690<br>Chicago, IL 60680 | Schedule F | $314.23 | Allowed | |
| Metal Mart<br>PO Box 1735<br>Shreveport, LA 71166-1735 | Schedule F | $526.80 | Allowed | |
| Michael Muehlberger<br>1444 Old Okeechobee Rd., #23 | Schedule F | $550.75 | Allowed | Warranty Claim |

| | | | | |
|---|---|---|---|---|
| West Palm Beach, FL 33401 | | | | |
| Neyman<br>705 S. Prospect St., Apt. A<br>Colorado Springs, CO 80903 | Schedule F | $300.00 | Allowed | Warranty Claim |
| Oak Forest Tiny Homes<br>8207 Canoga Ave.<br>Austin, TX 78724 | Schedule F | $9,500.00 | Allowed | |
| Office Pride<br>3450 East Lake Rd., Ste. 202<br>Palm Harbor, FL 34685 | Schedule F | $3,369.00 | Allowed | |
| Pahoda Image Products<br>14143 Denver West Pkwy,<br>Suite 100<br>Golden, CO 80401 | Schedule F | $2,708.74 | Allowed | |
| Phillip LaCroix<br>44512 N. New River Rd.<br>Youngstown, OH 44512 | Schedule F | $300.00 | Allowed | Warranty Claim |
| Reliane Metal Center<br>Division #15<br>PO Box 561450<br>Denver, CO 80256 | Schedule F | $1,447.90 | Allowed | |
| Remco<br>2210 Bott Ave.<br>Colorado Springs, CO 80904 | Schedule F | $466.91 | Allowed | |
| Rick's Edge<br>18 ½ Swope Ave.<br>Colorado Springs, CO 80909 | Schedule F | $253.00 | Allowed | |
| RIS Beacon Pro / Roof Depot<br>Denver Branch<br>PO Box 101087<br>Pasadena, CA 91189 | Schedule F | $732.21 | Allowed | |
| RKO Management<br>20950 Ranchette Traile<br>Calhan, CO 80808 | Schedule F | $512.50 | Allowed | |
| Robert Smith<br>91 Bear Trail<br>Walsenburg, CO 81089 | Schedule F | $1,800.00 | Allowed | |
| Rocky Mountain Air Solutions<br>PO Box 78716<br>Detroit, MI 48278 | Schedule F | $487.85 | Allowed | |
| Sean Maley and Lisa Marshall<br>19 Arcadian Trail<br>Monroe, NY 10950 | Schedule F | $300.00 | Allowed | Warranty Claim |
| Sharon Coddington<br>Prairie Estates RV Park<br>22825 CO 94<br>Calhan, CO 80808 | Schedule F | $300.00 | Allowed | |
| Southern Carlson<br>PO Box 744372<br>Atlanta, GA 30374 | Schedule F | $8,874.00 | Allowed | |
| Sparks Wilson<br>24 South Weber St., Suite 400<br>Colorado Springs, CO 80903 | Schedule F | $2,731.34 | Allowed | |

| | | | | |
|---|---|---|---|---|
| Springs Mountain Water<br>123 Winters Dr.<br>Colorado Springs, CO 80907 | Schedule F | $440.63 | Allowed | |
| Stockman Kast Ryan & Co., LLP<br>102 N. Cascade Ave., Suite 400<br>Colorado Springs, CO 80903 | Schedule F | $2,229.77 | Allowed | |
| Suzanne Collins<br>511 Little Berry Rd.<br>Somerville, TX 77879 | Schedule F | $300.00 | Allowed | Warranty Claim |
| Tracy Abbott<br>2530 Sand Dollar Rd. W.<br>Bremerton, WA 98321 | Schedule F | $300.00 | Allowed | Warranty Claim |
| Unibind-Peleman Industries, Inc.<br>11820 Wills Road, Suite 100<br>Alpharetta, GA 30009 | Schedule F | $535.57 | Allowed | |
| UPS<br>Lockbox 577<br>Carol Stream, IL 60132-0577 | Schedule F | $1,752.24 | Allowed | |
| Vents-US<br>11013 Kenwood Rd.<br>Cincinnati, OH 45242 | Schedule F | $4,473.11 | Allowed | |
| Vital Records Control<br>Dept. 5874<br>PO Box 11407<br>Birmingham, AL 35246 | Schedule F | $123.75 | Allowed | |
| W.B. Mason Co., Inc.<br>PO Box 981101<br>Boston, MA 02298 | Schedule F | $1098.32 | Allowed | |
| Waste Management of Colorado Springs<br>PO Box 78251<br>Phoenix, AZ 85062-8251 | Schedule F | $2,358.42 | Allowed | |
| Xerox Financial Services<br>PO Box 202882<br>Dallas, TX 75320-2882 | Schedule F | $327.08 | Allowed | |
| **Total** | | $3,552,936.32[1] | | |
| **Total Allowed/Uncontested** | | $755,792.43[2] | | |

The Debtor may file motions to disallow any Unsecured Claims listed as "Disputed" or Contested and for which a proof of claim has been filed and shall treat such Claims in accordance with the Bankruptcy Court's ruling on such motions and subject to the provisions of this Plan.

Class 11 (*Contested Unsecured Claim of FreedomRoads Financial, LLC*).  The Debtor has filed an objection to the Contested Claim of FreedomRoads Holding Company, LLC with the Bankruptcy Court and has obtained permission to employ special counsel to litigate the validity of

---

[1] Includes the Class 4 Claim of Forward Financing and does not including the subordinated Claims of Silver State Lending & Capital, LLC and Steve Weissmann.
[2] Includes the Class 4 Claim of Forward Financing, LLC.

FR's Contested Claim against the Debtor and the Debtor's claims against FR outside of Bankruptcy Court. Under this Plan, the Debtor's objection to the FR proof of claim will be deemed withdrawn and the validity of FR's Claim against the Debtor will be litigated or arbitrated outside of Bankruptcy Court, excluding the issue of whether FR is entitled to Post-Petition interest or attorney fees during the pendency of this bankruptcy as a matter of bankruptcy law. In the event the Debtor's claims against FR are successful and it is determined or agreed that the Debtor is not indebted to FR, the Contested Claim of FR will be disallowed in its entirety and FR will receive no distribution under this Plan.

If it is determined or agreed that the Debtor is indebted to FR, the Contested Claim of FR will be Allowed in the agreed amount of (a) $4,318,892.22 including principal, interest, and accrued attorneys' fees as of May 15, 2022, (b) default rate interest calculated at 9.5% accruing from May 16, 2022 through the Effective Date, (c) interest accruing at 6.5% from and after the Effective Date until payment in full of FR's Allowed Claim, and (d) reasonable attorneys' fees through the date of payment in full of FR's Allowed Claim, in each case unless otherwise determined by a third party (including an arbitrator) or agreed by FR. FR will receive its pro rata share of annual distributions to Allowed Unsecured Creditors from the Net Profits Fund until its Allowed Claim is paid in full. In the event the Contested Claim of FR is Allowed in part or in full, the Debtor shall pay the full amount of such Claim prior to the eighth anniversary of the Effective Date. FR will provide the Debtor with a final calculation of its claim amount, as of the Effective Date, on or within one week of the Effective Date.

The Reorganized Debtor, at its discretion, may settle, satisfy, or pay off any Administrative Claims, Priority Claims, or the Claims of any members of Classes 1-11 at any time after the Effective Date without additional Bankruptcy Court approval.

Class 12. (*Subordinated Claims of Weissmann and Silver State*). The Unsecured Claims of Steve Weissmann, in the amount of $247,656.00, and Silver State Lending & Capital, LLC, in the amount of $326,268.01, will be subordinated to Class 10 and Class 11 in the event FR's claim is Allowed, meaning that no payments will be made to them until all other Class 10 and Class 11 Allowed Claims have been paid as set forth in this Plan. Following such time, the Debtor may enter into new payment arrangements with Mr. Weissmann and his company to retire the balance of the Class 12 Claims.

Class 13. (*Equity Interests*). On the Effective Date, the shareholders of the Debtor shall retain their Equity Interests.

Class 14. (*Late Filed Claims*). Class 14 is comprised of all Late Filed Claims against Debtor. The Class 14 claims shall be disallowed and shall receive no distribution under the Plan.

## ARTICLE VI
## DEFAULT AND PLAN MODIFICATION

6.1     *Default and Right to Cure.*

In the event of any default by the Reorganized Debtor of any payment to any class of claimants arising under the terms of the Plan or any breach by the Reorganized Debtor of any other

material term of the Plan, the Reorganized Debtor shall have thirty (30) days within which to cure any such default or breach after the date of issuance of written notice from any claim holder. Written notice shall be provided to the Reorganized Debtor and to Debtor's counsel as provided in paragraph 12.7 herein, unless written notice of substitution of legal counsel is served upon the claim holder at least fifteen (15) days prior to the date notice is sent.

6.2     *Failure to Cure Default.*

In the event that the Reorganized Debtor fails to cure any default in the requirements to make payment under the Plan, within thirty (30) days from the date that written notice is sent in compliance with paragraph 6.1, the Reorganized Debtor shall be in default under the terms of the Plan.

6.3     *Plan Modification.*

At any time after Confirmation of the Plan but before the completion of payments under the Plan, the Plan may be modified upon the request of the Reorganized Debtor, after notice and a hearing, to the extent allowed by 11 U.S.C. § 1127.

## ARTICLE VII
## MEANS FOR IMPLEMENTATION AND EXECUTION OF THE PLAN

7.1     *Asset Transfer to Reorganized Debtor.*

On or about the Effective Date, all assets of the Debtor shall be transferred to the Reorganized Debtor free and clear of all liens, claims, and interests of creditors, equity holders, and other parties in interest, except as otherwise provided herein.  The Reorganized Debtor shall not, except as otherwise provided in this Plan, be liable to repay any debts which accrued prior to the Confirmation Date, including any debts or potential liabilities listed in the Debtor's bankruptcy filing or schedules as contingent, unliquidated, disputed, or with an unknown amount.  Except as provided in this Plan, on the Confirmation Date, the Debtor shall be granted a discharge under 11 U.S.C. § 1141.

Pursuant to Fed.R.Bankr.P. 3003(c)(2), creditors who are not scheduled or who are listed as holding disputed, contingent, unliquidated, or unknown claims must file a claim to share in distributions and be entitled to vote to accept or reject a plan.  Although "unknown" is not synonymous with "disputed, contingent, or unliquidated," it is obvious that the statutory evidentiary presumption as to the validity and amount of a claim cannot apply to a claim scheduled as "unknown."  *See In re Sabbun*, 556 B.R. 383, 388 (Bankr. C.D. Ill. 2016).

7.2     *Means for Implementation.*

The Reorganized Debtor shall fund its Plan obligations with cash from operations, loans, and Litigation Proceeds.  The Debtor shall have no obligation to obtain court approval for future loans or capital contributions.  Such funds shall be sufficient to pay in full all amounts due on the Effective Date, and, as applicable, priority claimants treated under Article III herein.

7.3     *Execution of Plan.*

On the Effective Date, the Reorganized Debtor shall implement its Plan of Reorganization pursuant to the terms for each class of claimants set forth above.  Payments under the Plan shall come from the cash flow of the Reorganized Debtor generated by the Reorganized Debtor's business, from a previously approved debtor-in-possession loan, and capital contributions or loans. Payments to creditors holding Contested Claims as provided in Article X herein shall be held in escrow.   The Reorganized Debtor, at its discretion, may settle, satisfy, or payoff any Administrative Claim, Priority Claim, or the Claim of any member of Classes 1-11 any time after the Effective Date without additional Bankruptcy Court approval.

7.4     *Net Profits Fund.*

On the Effective Date, the Debtor will make a Pro-Rata distribution to the Class 10 and Class 11 claimants in the amount of $250,000.00.  On the first anniversary of the Effective Date, and each year thereafter, until the Allowed Claims are paid in full, the Reorganized Debtor shall make a Pro-Rata distribution to the Class 10 and Class 11 claimants of the amount in the Net Profits Fund.  In the even the Contested Claim of FR is Allowed, the Allowed amount of such Claim shall be paid-in-full prior to the eighth anniversary of the Effective Date.

7.5     *Avoidance and Recovery Actions.*

The Reorganized Debtor may pursue any claims or recovery actions held by the Debtor, including but not limited to recovery under 11 U.S.C. §§ 544, 547, 548 and 549.  The Reorganized Debtor may abandon any claim it has against any third party if it determines that the claim is burdensome or of inconsequential value and benefit. The Reorganized Debtor is authorized to employ counsel to represent it in litigation or any cause of action or claims held by the Debtor. The Debtor does not believe that any such claims exist.

7.6     *Deposit Accounts.*

All funds held by the Reorganized Debtor for distribution under the Plan shall be held in accounts which meet the insurance and guaranty requirements 11 U.S.C. § 345(b).

7.7     *Claims Objections.*

Following the Effective Date, the Reorganized Debtor may compromise objections to Claims or causes of action referred to in this Plan without notice and hearing.

7.8     *Continued Operations.*

After the Effective Date, the Reorganized Debtor exercising its business judgment may sell, operate or abandon any of its assets.

7.9     *Discharge and Injunctive Relief.*

The Reorganized Debtor shall receive a discharge to the extent permitted by 11 U.S.C. § 1141, including, but not limited to, the discharge of any Pre-Petition warranty claims, and the Reorganized Debtor shall be entitled to seek injunctive relief from the Court, if necessary, to enforce any and all provisions of the Plan.

7.10    *Prohibition on Certain Distributions on Account of Equity Interests.*

No dividends, distributions, or other transfers of property will be paid to Equity Interest holders on account of their Equity Interest during the term of this Plan until all creditors are paid-in-full.  However, Equity Interest holders shall be entitled to reasonable and customary raises and cost-of-living increases to their salary and distributions of profits may be made to Equity Interest holders in the amount of any pass-through taxes due and owing as a result of the Reorganized Debtor's operations.

## ARTICLE VIII
## EFFECT OF CONFIRMATION

Upon Confirmation, the provisions of this Plan shall bind the Debtor and any creditor or equity security holder of the Debtor, whether or not the Claim or Equity Interest of such Person is impaired under this Plan and whether or not such Person has accepted this Plan.  Upon Confirmation, all the property of the Debtor's estate shall be vested in the Reorganized Debtor as provided in this Plan, free and clear of all Claims and Equity Interests, except as specifically provided in this Plan.  Upon Confirmation, all creditors and equity security holders of the Debtor are permanently enjoined from commencing or pursuing any action against the Reorganized Debtor based on a Pre-Petition Claim, other than an action to enforce the provisions of this Plan.

## ARTICLE IX
## PROVISION FOR ASSUMPTION OR
## REJECTION OF EXECUTORY CONTRACTS

All unexpired leases and executory contracts between the Debtor and any other Person (if any) which have not prior to the Effective Date of the Plan been affirmatively assumed by the Debtor, are hereby rejected.

## ARTICLE X
## PROVISION AS TO DISPUTED CLAIMS

10.1    *Objections*.

The Reorganized Debtor may, at any time within ninety (90) days after the Effective Date, file an objection to any claim which in its opinion should be objected to as improper, in whole or in part.

Upon the filing of such objection or service of said written notice, such claim shall be considered a Contested Claim, and any cash or other instruments or property otherwise distributable to such creditor under this Plan shall be held by the Reorganized Debtor in escrow until final disposition of the objection to the claim either by settlement or entry of a Final Order. If the claim is only contested in part, payment shall be made to the claimant on the uncontested portion under the provisions of Article V and the balance shall be treated as a Contested Claim under the provisions of Article X.  If the objection is overruled or denied, in whole or in part, or the claim is allowed by stipulation of the Reorganized Debtor and the claimant, such claimant shall receive the amount of cash provided in this Plan to the extent of the amount of the claim finally allowed, including back installments.

10.2    *Contested Claims Escrow.*

From and after the Effective Date, the Reorganized Debtor shall establish an escrow account for the benefit of holders of any Contested Claim and shall deposit into such escrow account cash in an amount equal to the payments which would have been made to the holder of such Contested Claim if it were an Allowed Claim in an amount equal to the lesser of:  (i) the amount of the Contested Claim or (ii) the amount in which the Contested Claim shall be estimated by the Bankruptcy Court pursuant to § 502 of the Bankruptcy Code for purposes of allowance, which amount shall constitute and represent the maximum amount in which such claim may ultimately become an Allowed Claim.  No payments or distributions shall be made with respect to all or any portion of any Contested Claim pending the entire resolution thereof by Final Order, final arbitration determination, or final settlement agreement.

Pending a determination of the Contested Claim of FR, the amount the Debtor shall reserve and hold for the benefit of FR under this provision of the Plan will be equal to the payments which would have been made to FR if it were an Allowed Claim in Class 11 with treatment as described in Article V herein.  Nothing herein shall be interpreted to waive the Debtor's right to challenge and contest FR's entitlement to such amounts in litigation or arbitration.  For the avoidance of doubt, FR's Allowed Claim includes postpetition interest and fees as specified in Article V herein. The Debtor has no right to challenge FR's postpetition interest or fees on bankruptcy-law grounds but may challenge them under contract or tort law, including, but not limited to, the reasonableness of any fees.

**ARTICLE XI**
**AMENDMENT OF ARTICLES OF INCORPORATION AND BYLAWS OF DEBTOR**

As may be required, the Operating Agreement, Articles, and/or Bylaws of the Debtor shall be amended on or before the Effective Date to the extent necessary to effectuate the provisions of the Plan.

**ARTICLE XII**
**MISCELLANEOUS PROVISIONS**

12.1    *Retention of Jurisdiction.*

The Reorganized Debtor reserves the right to reopen the Chapter 11 Case after Confirmation and dismissal for the purposes set forth in this paragraph.  The Bankruptcy Court shall retain jurisdiction over the Chapter 11 Case for the following purposes:

(a)    To hear and determine any and all objections to the allowance of Claims or Interests.

(b)    To determine any and all applications for allowances of compensation and reimbursement of expenses and any other fees and expenses authorized to be paid or reimbursed under the Bankruptcy Code or the Plan, to the extent such claim was incurred prior to the Effective Date.

(c)     To hear and determine any and all pending applications for the rejection or assumption, or for the assumption and assignment, as the case may be, of executory contracts or unexpired leases to which the Debtor is a party, and to hear and determine any and all Claims arising therefrom.

(d)     To hear and determine any and all applications, adversary proceedings, and contested or litigated matters that may be pending on the Effective Date or instituted by the Reorganized Debtor thereafter.

(e)     To consider any modifications of the Plan, to remedy any defect or omission, or reconcile any inconsistency in the Plan or in any order of the Bankruptcy Court, including the Confirmation Order.

(f)     To hear and determine any application to sell the Debtor's property free and clear of liens.

(g)     To hear and determine all controversies, suits, and disputes that may arise in connection with the interpretation, enforcement, or consummation of the Plan.

(i)     To issue orders in aid of execution of the Plan as contemplated by Section 1142 of the Bankruptcy Code.

(j)     To determine such other matters as may be set forth in the Confirmation Order or which may arise in connection with the Plan or the Confirmation Order.

12.2    *Vesting of Property*.

The Reorganized Debtor shall be vested with ownership to all property of the estate upon the Effective Date.

12.3    *Satisfaction of Claims*.

The payments made hereunder shall be in exchange for all Claims against the Debtor and shall constitute full settlement, release, discharge, and satisfaction of all such claims against the Debtor. Confirmation of the Plan shall constitute a modification of any note or obligation for which specification and treatment is provided under the Plan as set forth in the Plan. Any obligation or note, previously in default, so modified, shall be cured as modified as of the Confirmation Date. This provision shall be operable regardless of whether the Plan provides for any obligation to be evidenced by a rewritten loan or security document following confirmation of the Plan. Notwithstanding anything to the contrary, the financial obligations of Mr. Weissmann are not altered in any way by this Plan.

12.4    *Pre-Existing Causes of Action*.

Nothing contained herein shall prevent the Reorganized Debtor from taking any action as may be necessary to the enforcement of any cause of action which may exist on behalf of the Reorganized Debtor and which may not have been enforced or prosecuted by the Debtor prior to the Effective Date. In accordance with Bankruptcy Code section 1123(b)(3), the Reorganized

Debtor shall retain all pre-petition causes of action, a nonexclusive description of which is set forth below, and other similar claims, counterclaims, rights, defenses, setoffs, recoupments, and actions in law or equity arising under the Bankruptcy Code or applicable non-bankruptcy law. The term "causes of action," shall include, but is not limited to, any litigation currently pending between and among the Debtor and third parties, any and all claims, demands, rights, actions, causes of action and suits of the Debtor, Reorganized Debtor, and/or bankruptcy estate of any kind or character whatsoever, known or unknown, suspected or unsuspected, matured or unmatured, whether arising prior to, on or after the Petition Date, in contract or in tort, at law or in equity or under any theory of law, including, but not limited to (1) rights of setoff, counterclaim or recoupment; (2) the right to object to claims or interests; (3) claims pursuant to Section 362 of the Bankruptcy Code; (4) such claims and defenses as fraud, fraud in the inducement, negligence, breach of fiduciary duty, breach of contract, unjust enrichment, tortious interference; (5) all avoidance actions; (6) claims for tax refunds; (7) any and all defenses to tax claims; (8) claims pursuant to Section 506 of the Bankruptcy Code; and (9) any other claims or defenses which may be asserted against third parties or insiders. Such causes of action, include, but are not limited to, any breach of contract claims, tort claims, abuse of process claims, malicious prosecution claims, refund claims, indemnity claims, warranty claims, setoffs.

12.5    *Reservation of Rights*.

The Reorganized Debtor reserves the right to modify the Plan prior to the Confirmation, and thereafter to modify the Plan in accordance with 11 U.S.C. § 1127(b) and paragraph 6.3 herein.

12.6    *Headings*.

The headings used in the Plan are for convenience of reference only and shall not limit or in any manner affect the meaning or interpretation of the Plan.

12.7    *Notices*.

All notices, request, demands, or other communications required or permitted in this Plan must be given in writing to the party(ies) to be notified. All communications will be deemed delivered when received at the following addresses:

(a) To Debtor:

> Steve Weissmann
> Tumbleweed Tiny House Company, Inc.
> 1450 Valley St.
> Colorado Springs, CO 80915
>
> With a copy to:
>
> David V. Wadsworth
> David J. Warner
> Wadsworth Garber Warner Conrardy, P.C.
> 2580 W. Main St., Ste. 200

Littleton, CO 80120
dwarner@wgwc-law.com
dwadsworth@wgwc-law.com

(b)      To an allowed claimant, at the addresses set forth in the allowed Proof of Claim, if filed, or, if no Proof of Claim is filed, at the address set forth for the claimant in the Debtor's schedules filed with the Bankruptcy Court.

12.8    *Successors and Assigns.*

The Plan will be binding upon the Reorganized Debtor, any creditor affected by the Plan and their heirs, successors, assigns and legal representatives.

12.9    *Unclaimed Payments.*

If an individual or entity that is entitled to receive a payment or distribution pursuant to this Plan fails to negotiate a check, accept a distribution, or provide a forwarding address, the person or entity is deemed to have released and abandoned any right to payment or distribution under the Plan.

DATED June 22, 2022.

TUMBLEWEED TINY HOUSE COMPANY, INC.

Steve Weissmann (Jun 22, 2022 08:37 MDT)

By: Steve Weissmann
Its: Chief Executive Officer

WADSWORTH GARBER WARNER CONRARDY, P.C.

*David Warner*

David V. Wadsworth, #32066
David J. Warner, #38708
2580 W. Main St., Ste. 200
Littleton, CO 80120
(303) 296-1999, Fax: (303) 296-7600
ATTORNEYS FOR TUMBLEWEED TINY HOUSE COMPANY, INC.