UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

In re: )
)
TUMBLEWEED TINY HOUSE ) Case No. 20-11564 KHT
COMPANY, INC., ) Chapter 11
)
Debtor. )

**ORDER CONFIRMING TUMBLEWEED TINY HOUSE COMPANY, INC.'S
FIFTH AMENDED PLAN OF REORGANIZATION**

This matter is before the Court pursuant to *Tumbleweed Tiny House Company, Inc.'s Fifth Amended Plan of Reorganization* (the "Plan") (docket no. 587). Capitalized terms not otherwise defined in this Order are used as defined in the Plan.

The Court's *Order Approving Disclosure Statement and Setting Confirmation Hearing* (the "Scheduling Order") was entered on June 27, 2022 (docket no. 608). Under the Scheduling Order, the following deadlines and hearings were set:

June 30, 2022 – Deadline for Tumbleweed Tiny House Company, Inc. (the "Debtor") to transmit the Plan, Disclosure Statement, the Scheduling Order, and a ballot to all creditors and parties-in-interest.

August 9, 2022 – Deadline for ballots to be submitted to Debtor's bankruptcy counsel.

August 9, 2022 – Deadline for any objections to the Plan.

August 16, 2022 at 1:30 p.m. – Hearing for consideration of confirmation of the Plan.

The Debtor has complied with all of the deadlines set forth above and in the Scheduling Order. No objections to the Plan were filed.

The hearing on confirmation of the Plan was held and concluded on August 16, 2022 (the "Confirmation Hearing").

At the Confirmation Hearing, the Court heard argument and received an offer of proof in support of confirmation of the Plan. All parties in interest received notice and an opportunity to be heard. Based upon the Plan, the offer of proof, the representations of the parties, and the entire record before the Court in this case:

1

THE COURT HEREBY FINDS AND CONCLUDES as follows:

1. The Court has jurisdiction and is empowered to enter a final and dispositive order in this plan confirmation proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (L) and (O) and 1334, and the automatic referral of bankruptcy matters to this Court from the United States District Court for the District of Colorado under D.C.COLO.LCivR 84.1.

2. The Debtor elected to file its case under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

3. There is good cause to confirm the Plan.

4. There were no objections to the Plan, as amended.

5. As set forth in the *Ballot Summary Report* regarding the results of voting on the Plan that was filed on August 11, 2022 all classes of interest entitled to vote on the Plan have either failed to vote or have accepted the Plan in terms of both number and amount.

6. The Plan includes the information required by Bankruptcy Code § 1190 that is applicable in the Chapter 11 Case.

7. The Plan complies with the applicable provisions of the Bankruptcy Code and therefore meets the confirmation requirements of Bankruptcy Code § 1129(a)(1) for the following reasons:

   a. With respect to Bankruptcy Code § 1122(a), the Plan's classification scheme is reasonable and necessary to implement the Plan, and each of the Claims or Interests within each particular Class is substantially similar to the other Claims or Interests in such Class.

   b. The Plan fully complies with all applicable requirements set forth in Bankruptcy Code § 1123(a).

   c. All provisions of the Plan are consistent with the permissive provisions which may be incorporated into a chapter 11 plan under Bankruptcy Code § 1123(b).

8. Debtor complied with all applicable provisions of the Bankruptcy Code, including the requirements for acceptance of a plan set forth in Bankruptcy Code § 1126, and Debtor therefore satisfied the requirements of Bankruptcy Code § 1129(a)(2).

9. The Plan was proposed by Debtor in good faith and not by any means forbidden by law, because it proposed the Plan with a reasonable belief in the likelihood that the Plan would

achieve its intended results, which are consistent with the purposes of the Bankruptcy Code. The Plan therefore satisfies the requirements of Bankruptcy Code § 1129(a)(3).

10. The Plan provides that all fees and expenses, including the fees and expenses of professionals through the Effective Date, remain subject to final review for reasonableness by the Court under Bankruptcy Code § 330. The Plan therefore satisfies the requirements of Bankruptcy Code § 1129(a)(4).

11. The Plan includes disclosure of the identity and affiliations of Steve Weissmann, the individual proposed to serve, after confirmation, as Debtor's CEO and his continuance in office is consistent with the interests of creditors and public policy. The Plan therefore satisfies the requirements of Bankruptcy Code § 1129(a)(5).

12. The Plan was accepted by Classes 1, 8, 10, 11, and 12 by affirmative vote. The Plan therefore satisfies the requirements of Bankruptcy Code § 1129(a)(7).

13. The Plan provides that all Claims allowed under Bankruptcy Code § 507(a) shall be paid as required under Bankruptcy Code § 1129(a)(9). The Plan therefore satisfies the requirements of Bankruptcy Code § 1129(a)(9).

14. Classes 1, 8, 10, and 11, all classes of Claims that are impaired under the Plan, have accepted the Plan and are not insiders. The Plan therefore satisfies the requirements of Bankruptcy Code § 1129(a)(10).

15. Confirmation of the Plan is not likely to be followed by the liquidation or the need for further financial reorganization of the Debtor. The Plan therefore satisfies the requirements of Bankruptcy Code § 1129(a)(11).

16. All fees payable under 28 U.S.C. § 1930 have been paid or the Plan provides for the payment of all such fees on the Effective Date. The Plan therefore satisfies the requirement of Bankruptcy Code § 1129(a)(12)

17. Bankruptcy Code §§ 1129(a)(6), (13), (14), (15) and (16) are inapplicable to the Plan.

WHEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that,

A. The Plan is confirmed according to its terms and conditions.

B. The terms of the Plan shall bind the Debtor and any creditor whether or not the claim or interest of such creditor is impaired under the Plan and whether or not such creditor or equity security holder has accepted the Plan.

C. All injunctions or stays provided for in the Plan, or under Bankruptcy Code §§ 105 or 362 or otherwise in effect on the date of this Order shall remain in full force and effect until the Effective Date. This Court shall have the sole and exclusive authority to hear, determine and adjudicate any disputes or disagreements regarding such stays or injunctions.

D. The failure to reference or discuss any particular provision of the Plan in this Order shall have no effect on the validity, binding effect and enforceability of such provision, and such provision shall have the same validity, binding effect and enforceability as every other provision of the Plan, including those referenced in this Order.

E. If any provision of this Order is hereafter modified, vacated or reversed by subsequent order of the Court or any other court, such reversal, modification or vacation shall not affect the validity of the obligations incurred or undertaken under or in connection with the Plan prior to receipt by Debtor of written notice of any such order; nor shall such reversal, modification or vacation hereof affect the validity or enforceability of such obligations. Notwithstanding any reversal, modification or vacation hereof, any such obligation incurred or undertaken pursuant to and in reliance on this Order prior to the effective date of such reversal, modification or vacation shall be governed in all respects by the provisions hereof and of the Plan, and all documents, instruments and agreements related thereto, or any amendments or modifications thereto.

F. Notwithstanding the entry of this Order confirming the Plan, and in accordance with the Plan, the Court shall retain jurisdiction to consider and approve any applications or motions, or objections thereto, that are still pending in this case and to facilitate the performance of the Plan by entering any further necessary orders regarding interpretation or enforcement of the Plan, *provided however*, that nothing in this Order or the Plan shall prejudice any party's right to request that, under applicable law: (i) the Court make an independent determination that it has authority to enter a final judgment in any adversary proceeding or contested matter; or (ii) the Court abstain from hearing and determining any adversary proceeding or contested matter.

G. Nothing contained in the Plan or this Order shall be deemed to extend or expand the post-confirmation jurisdiction of the Court beyond the jurisdiction specified by 28 U.S.C. § 157 and 28 U.S.C. § 1334.

Dated this 6th day of September, 2022.

BY THE COURT:

*/s/ Kimberley H. Tyson*

Hon. Kimberley H. Tyson, Chief Judge
United States Bankruptcy Court